UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:05-cr-0435 OWW |
| | ) | |
| Plaintiff, | ) | SUPPLEMENT TO COURT'S ORAL |
| | ) | STATEMENT OF DECISION |
| v. | ) | |
| | ) | |
| SUSAN LYNN BURY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Motion to Suppress Evidence of Defendant Susan Lynn Bury came on for hearing June 13 and June 14, 2006, in Courtroom 3 of this Court. Defendant was present and represented by her attorney Dale A. Blickenstaff, Esq. The United States was represented by Karen A. Escobar, Esq., Assistant United States Attorney.

After considering all papers filed in support of and opposition to the Motion to Suppress Evidence, after taking evidence, hearing the arguments of counsel, and having entered its oral statement of decision, the Court provides the following supplement to that Decision.

///

///

1

A.     **LAW AND ANALYSIS**

The Defendant has argued in this case, citing the authority of *United States v. Reid*, 226 F.3d 1020, 1027 (9th Cir. 2000), that a protective sweep may be conducted by officers only if the officer has a reasonably articulable belief that specific facts exist to show that a reasonably prudent officer possessing those articulable facts taken together with rational inferences from those acts, show the area to be swept harbors an individual posing a danger to those on the scene. *Maryland v. Buie*, 494 U.S. 325, 334 (1990).  In addition, the sweep must be limited to "a closer inspection of those spaces where a person may be found." *Id.* at 335.  The sweep must not last longer than necessary to allay the reasonable suspicion of danger and, in any event, not longer than it takes for the officers to finish the work for which they are on the premises. *Id.* at 335-36.

Defendant contends that there has been an insufficient showing of exigency and particularized facts to believe that danger to the officers existed.  The totality of the circumstances are taken into account in making this determination.

In ordering the protective sweep, Task Force Agents believed Co-Defendant Joshua White is a co-conspirator in the Rosales drug organization.  Agents Bernard and Richardson knew: (1) that Ms. Bury and Mr. White had previously been charged with felony marijuana cultivation, Ms. Bury pled to the felony charge which was ultimately dismissed pursuant to a state diversion law and Mr. White pled to a misdemeanor; (2) the search warrant affidavit authored by Agent Rodriques for the Road 200 residence at page

six, line 24, asserted that firearms, weapons, and other items are commonly used by drug traffickers to protect themselves or their contraband as set forth in attachment B to the search warrant obtained for Mr. White for the 56299 Road 200 residence in Northfork, California; (3) probable cause existed to believe that Mr. White was a participant in a large scale interstate marijuana manufacturing and trafficking conspiracy with other individuals, some of whom were alleged to be violent (Mr. Rosales); (4) the officers did not know who was in the mobile home at 22102 Tahoot Drive, where they had just arrested Susan Bury for marijuana possession for sale and cultivation; (5) Mr. White's Ford truck was present at 6-7 a.m. on October 18, 2005, at the Road 200 residence and is the primary vehicle the sweeping officers associated with Mr. White; (6) that Mr. White was then absent from what they believed to be his primary residence; (7) believed that he was in the mobile home located approximately 150 feet from the Road 200 residence due to the presence of his truck; (8) applicable protective sweep tactical protocol commands that officers enter a structure where they suspect a dangerous individual to be present, to sweep it and "freeze" the location pending obtaining and executing a search warrant.

*United States v. Taylor*, 248 F.3d 506, 513 (6th Cir. 2001), recognized that the *Buie* principle of a limited protective sweep applies with equal force to an officer left behind to secure premises while a warrant to search those premises is obtained, emphasizing that the purpose of the sweep is, as here, to protect the safety of the officers who remain at the scene.  The purpose of the cursory search of the premises must be limited to finding

3

persons hidden there who would threaten the officers' safety.  No argument is advanced about the scope of the protective sweep.

*United States v. Miller*, 430 F.3d 93, 100 (2d Cir. 2005) holds that to restrict the protective sweep doctrine only to circumstances involving arrests would jeopardize the safety of officers in contravention of the pragmatic concept of reasonableness embodied in the Fourth Amendment.  *Miller* holds that specific, articulable facts giving rise to a reasonable inference of danger may justify a protective sweep in circumstances other than during the in-home execution of an arrest warrant.  *Id.* at p. 100.  *Miller* further recognizes that the case relied on by Defendant, *United States v. Reid*, 226 F.3d 1020, 1027, narrowly applied *Buie* only in the context of an arrest; *Miller* at p. 99, and there, the facts negated a consensual entry and were insufficient to connect a person who answered the door to an apartment, based on, among other things, the presence of a vehicle owned by a woman who had no relationship to the individual who answered the door or the apartment.

B.   *LEON* GOOD FAITH EXCEPTION

The government argues the good faith exception of *United States v. Leon*, 468 U.S. 897, 918 (1984) should be applied here. The good faith exception applies when a Magistrate erroneously issues a warrant, which is then executed by officers who are unaware of the mistake.  "If the executing officers act in good faith and in reasonable reliance upon a search warrant, evidence which is seized under a facially valid warrant which is later

4

held invalid may be admissible." *United States v. Gantt*, 194 F.3d 987, 1005-06 (9th Cir. 1999). The Supreme Court's goal in establishing the good faith exception was to limit the exclusionary rule to situations where the illegal behavior of officers might be deterred. *See Leon*, 468 U.S. at 918. The exclusionary rule is designed to deter police misconduct, not the legal errors of judges and magistrates. *See Illinois v. Krull*, 480 U.S. 340, 349-52 (1987).

However, the exclusionary rule does apply where the violation is the fault of the officers. If there is no error on the part of the judiciary, the good faith exception is inapplicable. This means the good faith exception is not relevant where the violation lies in the officer's faulty execution of the warrant, not the validity of the warrant. Suppression is to deter future violations by officers for the exclusionary rule to serve its purpose; the rule is not served when an officer erroneously, but in good faith, otherwise properly acts in execution of a search. The rule does not apply to conduct wholly within the province of the officers. Here, the good faith exception does not apply.

C.   <u>INEVITABLE DISCOVERY</u>

An alternative theory of admissibility apparent from the evidence submitted by both parties is that of inevitable discovery. Under the totality of circumstances in this case, the officers had probable cause to believe that Ms. Bury was allowing her Road 200 residence to be used for marijuana cultivation and growing and to arrest her for that offense. The officers

properly placed her under arrest immediately following initial execution of the Road 200 search warrant, which the Defendant does not dispute.  The officers then sought to obtain a search warrant for Mr. Bury's residence on Tahoot Road, which was approximately 150 feet away.  A search warrant was then obtained and executed within approximately 12 hours after her arrest.

There is no question that the evidence would have been inevitably discovered pursuant to the execution of the valid search warrant for which probable cause existed based on the contents of the Road 200 residence and Ms. Bury's voluntary statements to the officers admitting ownership of that residence.

The inevitable discovery doctrine permits admission of evidence that is otherwise inadmissible, "if the government can prove that the evidence would have been obtained inevitably [by lawful means] and, therefore, would have been admitted regardless of any over-reaching by the police." *Nix v. Williams*, 467 U.S. 431, 447 (1984).  The doctrine applies only when the fact that makes discovery inevitable arises from circumstances other than those brought to light by the illegal search itself.  *United States v. Reilly*, 224 F.3d 986, 995 (9th Cir. 2000).

Here, the facts which establish that discovery of the Tahoot residence contents were inevitable, include that the search of the Road 200 residence was conducted before any protective sweep and Ms. Bury volunteered her statements to the officers that she owned the Road 200 residence; that she had the keys to that residence; that she could have opened the front door; that quantities of marijuana and marijuana growing equipment were lawfully found and seized; and that Joshua White was not there

6

and she did not know his whereabouts, fully justified her arrest and the application for a search warrant for her Tahoot residence.  These facts that lead to discovery of contraband at her Tahoot residence are entirely independent of any evidence viewed at the 32102 Tahoot Drive residence during the protective sweep.  Accordingly, there was probable cause for issuance of a search warrant for 32102 Tahoot Drive based on the contents of Ms. Bury's Road 200 residence and upon execution of that second search warrant.  The contents of the Tahoot residence, including marijuana and marijuana-growing equipment, would have been lawfully detected in any event and are in no way the product of any alleged illegal search.

## CONCLUSION

For these supplemental reasons to the oral statement of decision, the Motion of Defendant Bury to Suppress the Evidence seized from her Tahoot Drive residence on October 18, 2005, pursuant to search warrant is DENIED.

DATED:  June 14, 2006.

_____
OLIVER W. WANGER
UNITED STATES DISTRICT JUDGE

bury supplement to oral order

IT IS SO ORDERED.

**Dated:   June 14, 2006**          /s/ Oliver W. Wanger
emm0d6                               UNITED STATES DISTRICT JUDGE